# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In Re: J.M.

**FILED**

October 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 13-0439 (Braxton County 11-JA-56 & 11-JA-57)

## MEMORANDUM DECISION

Petitioner Father, by counsel Timothy V. Gentilozzi, appeals the Circuit Court of Braxton County's termination of his parental rights to J.M. by order entered April 1, 2013. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Angela Alexander Walters, filed its response in support of the circuit court's order. The guardian ad litem Christopher T. Pritt, filed a response on behalf of the child supporting the circuit court's order. The child's paternal grandparents, also intevenors below, have filed a response in support of the circuit court's order. On appeal, petitioner alleges that the circuit court violated his due process rights by holding a combined adjudicatory and dispositional hearing and also erred in finding he abandoned J.M.

As more fully explained herein, the Court is of the opinion that the circuit court erred in holding a combined adjudicatory and dispositional hearing. Because the circuit court did not comply with the requirements of Rule 32(b) of the West Virginia Rules of Procedure for Abuse and Neglect Proceedings, the decision of the Court is set forth in a memorandum decision rather than an opinion. As noted below, this Court has held that when these rules "[have] been substantially disregarded or frustrated," any resulting order "will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009) (quoting Syl. Pt. 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001)). Accordingly, this case satisfies the "limited circumstance" requirement of Rule 21(d) and it is appropriate for the Court to issue a memorandum decision rather than an opinion.

In October of 2011, the DHHR filed its initial petition alleging abuse and neglect as to J.M. and E.M. At the time, Respondent Mother and the children lived with E.M.'s father, and the petition alleged that neither Respondent Mother nor E.M.'s father could provide the children with necessary food, clothing, shelter, and supervision as a result of their incarceration. As to petitioner, the DHHR alleged he failed to provide J.M. with necessary food, clothing, shelter, and supervision as a result of the fact that he had not had contact with the child for an extended period.[1] Petitioner waived a preliminary hearing, and the circuit court held an adjudicatory hearing in November of 2011. During the hearing, the State moved to continue adjudication as to

---

[1] E.M. is not petitioner's biological child and he makes no argument in regard to her in his petition for appeal. As such, E.M. is not the subject of this memorandum decision.

1

petitioner so that he could form a bond with J.M. and the circuit court ordered petitioner have supervised visitation with the child. Importantly, the circuit court made no finding as to petitioner being an abusing parent in the resulting adjudicatory order.

Thereafter, the DHHR filed several court reports indicating that petitioner was not participating in supervised visitation, and petitioner also failed to appear for several review hearings. In February of 2012, the circuit court accepted voluntary relinquishments of parental rights from Respondent Mother and E.M.'s father, but the proceedings continued as to petitioner. In September of 2012, the DHHR filed an amended petition alleging that petitioner had last had contact with the child in February of 2012. The DHHR later filed a second amended petition alleging that petitioner abandoned the child. In November of 2012, the circuit court held a combined adjudicatory and dispositional hearing, after which it terminated petitioner's parental rights. It is from the resulting order that petitioner appeals.

> "'Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety.' Syllabus Point 1, *In the Interest of: Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996)."

Syl. Pt. 1, *In re Faith C.*, 226 W.Va. 188, 699 S.E.2d 730 (2010). Upon our review, the Court finds error in the circuit court holding a combined adjudicatory and dispositional hearing without complying with Rule 32(b) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and West Virginia Code § 49-6-5(a). Rule 32(b) states that an accelerated dispositional hearing can be held immediately following an adjudicatory hearing if certain requirements are met, including that all parties agree and that a child's case plan was completed and provided to the court, or the parties waive the requirement that the same be submitted prior to disposition.

The record in this matter is devoid of any evidence indicating that petitioner agreed to an accelerated dispositional hearing. Further, petitioner alleges that no updated child case plan was submitted to the circuit court following the filing of either amended petition, as required by West Virginia Code § 49-6-5(a), which states that a copy of the case plan "shall be sent to the child's attorney and parent . . . at least five days prior to the dispositional hearing" once a finding has been made that the child is abused or neglected. The record contains no evidence that the DHHR met this requirement, and none of the respondents to this matter have provided any substantive

response to petitioner's assignment of error regarding the combined adjudicatory and dispositional hearing.

We have previously held that

"[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). Here, the record is clear that the circuit court failed to comply with the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and the related statutes, in that West Virginia Code § 49-6-5(a) requires that a parent be provided a child case plan five days prior to a dispositional hearing and that an accelerated dispositional hearing may be held only upon the satisfaction of certain criteria that were not met below. Because the order terminating petitioner's parental rights is being vacated and the abuse and neglect proceedings reinstituted, it is unnecessary to address petitioner's assignments of error regarding the circuit court's finding of abandonment. However, the Court notes that no finding as to petitioner being an abusing parent was ever made below and we now instruct that the matter be remanded for an adjudicatory hearing as to petitioner, in compliance with the applicable rules and statutes. Should the circuit court proceed to a dispositional hearing, the Court instructs the circuit court to comply with all applicable rules and statutes.

For the foregoing reasons we vacate the circuit court's April 1, 2013 "Order: Dispositional Hearing Terminating the Rights of the Respondent Father, [M.L.]", insomuch as it relates to the termination of petitioner's parental rights to J.M., and remand for further proceedings consistent with this memorandum decision.

Reversed and Remanded.

**ISSUED**: October 1, 2013

**CONCURRED IN BY**:
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum

**DISSENTING:**
Justice Allen H. Loughry II